IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Craig B. Shaffer**

Civil Action No. 06-cv-00597-REB-CBS

LAWRENCE L. MORROW,

    Plaintiff,

v.

ARGENT MORTGAGE SECURITIES, INC.,
and any and all other parties claiming an interest under the defendants, and
BOULDER COUNTY PUBLIC TRUSTEE,

    Defendants.
_____

# ORDER AND
# RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

The matter before the court is Defendant Argent Mortgage Securities, Inc.'s[1], ("Defendant Argent") Motion to Dismiss [#4], filed May 1, 2006. As of August 7, 2006, Plaintiff had failed to respond to the motion.

By an Order of Reference [#2], dated April 5, 2006, this civil action was referred to the Magistrate Judge to, *inter alia*, "[h]ear and determine pretrial matters, including discovery and other non-dispositive motions . . . and submit proposed findings of fact and recommendations for rulings on dispositive motions." By a Memorandum [#5], dated May 1, 2006, Defendant Argent's Motion to Dismiss was referred to the

---

[1] Plaintiff failed to provide proof of service as to Defendant Boulder County Public Trustee. Defendant Boulder County Public Trustee has not waived service and does not join in Defendant Argent's Motion to Dismiss.

Magistrate Judge for a recommendation. The court has reviewed the Motion to Dismiss, the entire case file, and the applicable law and is sufficiently advised in the premises. The court recommends that Defendant Argent's Motion to Dismiss [#4], filed May 1, 2006, be granted.

Further before the court are Defendant Argent's Motion for Entry of Judgment[2] [#8], filed June 29, 2006, and Defendant Argent's Motion for Forthwith Order of Dismissal [#11], filed June 29, 2006. The Motion for Entry of Judgment [#8], filed June 29, 2006, was referred to this court via a Memorandum [#9], dated June 29, 2006. The Motion for Forthwith Order of Dismissal was referred to this court via a Memorandum [#12], dated June 30, 2006. The court recommends that both motions be denied as moot.

**I.    Background.**

Plaintiff's claims arise out of a residential loan from Defendant Argent to Plaintiff. On August 15, 2005, Plaintiff, through his mortgage broker Capital First Lending, applied for a home loan with Defendant Argent. Plaintiff requested the loan to fund the purchase of a home located at 2412 Sunset Drive, Longmont, Colorado (the "Home").

---

[2] As a preliminary matter, and in response to Defendant Argent's Motion for Entry of Judgment, Plaintiff's failure to respond to Defendant Argent's Motion to Dismiss does not provide sufficient basis for dismissal of this action against Defendant Argent. When a *pro se* litigant fails to comply with local rules requiring a response to a motion to dismiss, a district court may not grant a Rule 12(b)(6) dismissal solely on a failure to respond. ***Persik v. Manpower, Inc.,*** 85 Fed. Appx. 127, 130, 2003 WL 23098617, **2 (10th Cir. 2003) (citations omitted). Instead, it "must still examine the allegations in the Plaintiff's complaint and determine whether the Plaintiff has stated a claim upon which relief can be granted." ***Id.*** Therefore, it is recommended that Defendant's Motion for Entry of Judgment be denied as moot, and the court consider the merits of Defendant Argent's Motion to Dismiss.

Defendant Argent reviewed Plaintiff's application and approved a loan in the amount of $160,000.00. At the August 31, 2005, closing, Defendant Argent wired the funds to the title company. The title company used the funds to pay off the deed of trust in favor of "Countrywide[3]," which, at the time, encumbered the home.

To secure the loan, Plaintiff executed a Promissory Note and Deed of Trust in favor of Defendant Argent. Accordingly, at the August 31, 2005, closing, Plaintiff received title to the Home subject only to the Deed of Trust in Favor of Defendant Argent. According to Defendant Argent, during the application and closing process, Plaintiff was given and signed all of the disclosure documents in compliance with the Truth in Lending Act ("TILA"). Ultimately, Defendant Argent claims that Plaintiff did not comply with the terms of the loan, and separate proceedings have been initiated on behalf of Defendant Argent, seeking to foreclose on the aforementioned property.

Plaintiff alleges Fraud in the Inducement in violation of the doctrine of *ultra vires;* misrepresentation through false advertising; and a violation of usury laws.

It is unclear against which Defendant Plaintiff asserts each claim. However, Plaintiff does claim that Defendant Argent failed to comply with the disclosure requirements under TILA and that it "loaned credit, not money" when it funded the purchase of Plaintiff's residence. Defendant Argent moves to dismiss the Complaint under **FED. R. CIV. P. 12(b)(6).**

**II.     Standard of Review.**

Plaintiff is proceeding *pro se.* Therefore, the court must construe his complaint

---

[3] Full name of institution is not provided by either party.

liberally.  ***Haines v. Kerner,*** 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon,*** 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not act as a *pro se* litigant's advocate.  ***See Hall,*** 935 F.2d at 1110.

Rule 12(b)(6) states that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  **FED. R. CIV. P. 12(b)(6).**  When reviewing a Rule 12(b)(6) motion to dismiss, the court accepts the well-pleaded allegations of the complaint as true and construes them in the light most favorable to the Plaintiff.  ***Ramirez v. Dep't of Corr.,*** 222 F.3d 1238, 1240 (10th Cir. 2000) (citation omitted).  The court should not dismiss a complaint under Rule 12 (b)(6) "'unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  ***Ramirez,*** 222 F.3d at 1240 (quoting ***Conley v. Gibson,*** 355 U.S. 41, 45-46 (1957)).

Rule 8(a) requires minimal factual allegations on the material elements that must be proven to recover on each of the Plaintiff's claims.  **FED. R. CIV. P. 8(a)**.  ***See Hall,*** 935 F2d. at 1110.  The statements of the complaint need not be factually detailed; however, they must "give the Defendant fair notice of what the Plaintiff's claim is and the grounds upon which it rests."  ***Conley,*** 355 U.S. at 47.  "If the complaint is 'too general,' then it will not provide fair notice to the Defendant."  ***Schmitt v. Beverly Health & Rehab. Serv., Inc.,*** 962 F. Supp. 1379, 1381 (D. Kan. 1997).  A complaint that fails to comply with the pleading requirements of Rule 8(a) should be dismissed upon a motion made pursuant to Rule 12(b)(6).  ***Woolridge Homes, Inc. v. Bronze Tree, Inc.,*** 558 F. Supp. 1085, 1089 (D. Colo. 1983).

### III.     Motion to Dismiss.

Defendant Argent claims that Plaintiff's claims must be dismissed because Plaintiff fails to state a claim upon which relief can be granted.

#### A.     Claim One: Fraud in the Inducement.

Plaintiff claims that Defendant Argent acted in an *ultra vires* manner by loaning Plaintiff credit, not money.  In his Complaint, Plaintiff states:

> "Defendant(s) failed to disclose the material fact that defendants (sic) Argent Mortgage Securities, Inc., loaned credit not money, risking none of the bank's assets.  The loaning of credit is beyond the scope of the granted corporate powers of charter, which violated the doctrine of 'ultra vires.'" (Compl., p.6).

Plaintiff contends that Defendant Argent's issuance of credit, not money, violated **12 C.F.R. § 226.7,** which addresses open-ended credit transactions. **12 C.F.R. § 226.7** delineates the requirements of creditors to issue periodic statements to those to whom they extend credit.  However, **12 C.F.R. § 226.7** is inapposite to Plaintiff's transaction with Defendant Argent;  Defendant Argent loaned money in the amount of $160,000.00, not credit, to Plaintiff.

Rather than presenting allegations of false representations, Plaintiff's averments constitute a misunderstanding of the transaction with Defendant Argent.  Plaintiff fails to state a claim for fraud in the inducement, and this claim should be dismissed.

#### B.     Claim Two:  Misrepresentation Through False Advertising.

Plaintiff's second claim alleges misrepresentation through false advertising. Although Plaintiff does not specifically cite to a statute, perhaps Plaintiff asserts his claim under of Section 43(a) of the Lanham Act.  Section 43(a) imposes liability against

5

a person who "in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographical origin of his or her or another person's goods, services, or commercial activities." **15 U.S.C. § 1125(a)(1)(B)**. To state a claim for false advertising under this provision, a plaintiff must plead the following elements:  (1) that defendant made material false or misleading representations of fact in connection with the commercial advertising or promotion of its product; (2) in commerce; (3) that are either likely to cause confusion or mistake as to (a) the origin, association or approval of the product with or by another, or (b) the characteristics of the goods or services; and (4) [injury to] the plaintiff. *Cottrell, Ltd. v. Biotrol Int'l, Inc.,* 191 F.3d 1248, 1252 (10th Cir.1999) (internal citations omitted).

Plaintiff makes no specific allegations with respect to any advertisement made by Defendant Argent; in fact, Plaintiff alleges that the only statements made to him by Defendant Argent were through loan documents.  These allegations fall short of establishing a claim under section 43(a) of the Lanham Act.

Further, because this is a fraud claim, Plaintiff must satisfy the strict requirements of Rule 9(b), which provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated *with particularity.*" **Fed. R. Civ. P.** 9(b). To meet the particularity requirements of Rule 9(b), the complaint must "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Schwartz v. Celestial Seasonings, Inc.,* 124 F.3d 1246, 1252 (10th Cir.1997) (quoting *In re Edmonds,* 924 F.2d 176, 180 (10th Cir.1991)).

Plaintiff has failed to sufficiently allege the contents of the false representations, the consequences thereof, or a sufficiently precise time frame for the misrepresentations as is required under Rule 9(b). **See Koch v. Koch Ind., Inc**., 203 F.3d 1202, 1237 (10th Cir.2000) (statement that defendants made misrepresentations from 1982 to present insufficient); **compare Schwartz**, 124 F.3d at 1252 (complaint specifically identified documents, press releases and other communications which contained false statements).  Thus, Plaintiff has failed to plead fraud with sufficient particularity under Rule 9(b), and this claim should be dismissed.

### C. Claim Three:  Violation of Usury Laws.

Plaintiff claims that Defendant Argent violated usury laws because it "incurred no liability by loaning credit, yet charged interest in the loan transaction." (Compl., p. 8). Again, Plaintiff, rather than stating a claim for relief, demonstrates a misunderstanding of the underlying transaction.  Defendant Argent did not loan credit to Plaintiff, but money as secured by a deed of trust on the Home.  Plaintiff provides no other factual basis to support a claim for a violation of usury laws, and his statements of fact are insufficient to support a claim.  Therefore, this claim, too, should be dismissed.

### D. Defendant Boulder County Public Trustee.

Finally, upon further review of the record, Plaintiff has failed to serve Defendant Boulder County Public Trustee, and it has not waived service.  Plaintiff had 120 days from March 31, 2006 – the date his Complaint was filed– within which to serve Defendant Boulder County Public Trustee. **See FED. R. CIV. P. 4(m)**. Yet, as of July 29, 2006, Plaintiff has failed to provide proof of service or waiver of service as to Defendant

Boulder County Public Trustee.

Accordingly,

**IT IS ORDERED** that Plaintiff show cause in writing on or before **September 8, 2006**, why this civil action should not be dismissed for failure to effect service and failure to prosecute as to Defendant Boulder County Public Trustee.

Further,

**IT IS RECOMMENDED AS FOLLOWS:**

1. That Defendant Argent Mortgage Securities, Inc.'s, ("Defendant Argent") Motion to Dismiss [#4], filed May 1, 2006. **BE GRANTED;**

2. That Defendant Argent Mortgage Securities, Inc., **BE DROPPED** from this action;

3. That in the event that Plaintiff fails to comply with this court's Order to Show Cause, this civil action **BE DISMISSED without prejudice** pursuant to **FED. R. CIV. P. 4(m)** for failure to effect service on Defendant Boulder County Public Trustee and pursuant to **D.C.COLO.LR 41.1** for failure to prosecute;

4. That Defendant Argent's Motion for Entry of Judgment [#8], filed June 29, 2006, **BE DENIED as moot**; and

5. That, Defendant Argent's Motion for Forthwith Order of Dismissal [#11], filed June 29, 2006, **BE DENIED as moot.**

**IV.   Advisement to the Parties.**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings and

8

recommendations with the Clerk of the United States District Court for the District of Colorado. **28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)**; *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).

The district judge shall make a *de novo* determination of those specific portions of the proposed findings or recommendations to which a specific objection is made. **28 U.S.C. § 636(b)(1)**. A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. **See *In re Griego***, 64 F.3d at 583; ***U.S. v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Okla.***, 73 F.3d 1057, 1060 (10th Cir. 1996). The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. **28 U.S.C. § 636(b)(1)**.

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." ***One Parcel of Real Property***, 73 F.3d at 1060. Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. **See *Vega v. Suthers***, 195 F.3d 573, 579-80 (10th Cir. 1999) (district court's decision to review a magistrate's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); ***One Parcel of Real Property***, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); ***Int'l***

***Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.***, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate's order, cross-claimant had waived its right to appeal those portions of the ruling); ***Ayala v. U.S***, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiff waived their right to appeal the magistrate's ruling).

**DATED** at Denver, Colorado, this 8th day of August, 2006.

BY THE COURT:

_____              *s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge